Filed 1/4/16  P. v. Ngissah CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>FRANCIS AMITEYE NGISSAH,<br><br>        Defendant and Appellant. | C078360<br><br>(Super. Ct. Nos. 62-120048 &<br>62-120146) |

Appointed counsel for defendant Francis Amiteye Ngissah has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We modify the judgment, direct the trial court to correct the abstract of judgment, and affirm the judgment as modified.

1

## BACKGROUND

Defendant created and was the president of a preparatory academy with an "elite basketball program." He hired a coach to recruit students and obtained investors. He was also the academy's teacher. Defendant rented and furnished a home in which the students would live. Children from around the world, including France and Brazil, were students at the academy.

Between September 1, 2012, and December 31, 2012, defendant tortured and abused four of his student athletes. Defendant used plastic zip ties to tie their wrists behind their back and bind their ankles. He blindfolded some of the boys and put wooden clothespins on their nipples, squeezing and twisting until their nipples were red and sore. Defendant hit at least one of the students with a belt, leaving marks and bruises, and sometimes defendant would pinch, with his fingers, the nipples of at least one student until they were sore. Some of this abuse was done for defendant's sexual gratification.

To keep the students in the academy, defendant threatened them and restricted their access to the Internet and telephones, limiting their ability to talk to their families.

In May 2012, while preparing for the academy to open, defendant purchased over $7,000 worth of furniture from a single store. Before the credit card payment was finalized, defendant created a fraudulent bank statement to show to his credit card company, indicating the store received payment for the furniture. He then disputed the charges with his credit card company and the charges were reversed, leaving defendant in possession of furniture for which he did not pay.

Then, in October 2012, defendant used a former employee's blank check, along with the employee's personal identifying information, without his permission, to purchase more than $300 of goods at a warehouse store. Defendant used another person's check, without his permission, to pay one of his employees $700.

2

In December 2012, defendant used the personal identifying information of yet another of his employees, without the employee's permission, to pay his personal cell phone bill of more than $300. And in January 2013, defendant paid his personal utility bill of more than $300 using the identifying information of a local basketball booster club.

The People subsequently filed an information in Placer County Superior Court, case No. 62-120048 (case No. 48), charging defendant with identity theft, in violation of Penal Code section 530.5, subdivision (a)[1] (counts one, seven, nine, eleven, twelve, fifteen, eighteen, twenty-one), second degree commercial burglary, in violation of section 459 (counts two, four, six, thirteen), obtaining services by false pretenses, in violation of section 532, subdivision (a) (counts three, seventeen), nonsufficient funds, in violation of section 476, subdivision (a) (counts five, ten, fourteen), forgery, in violation of section 470, subdivision (a) (count eight), fraudulent use of an access card, in violation of 484g (count sixteen), unauthorized access to a computer, in violation of section 502, subdivision (c)(1) (counts nineteen, twenty-two), and petty theft, in violation of section 488, a misdemeanor (counts twenty, twenty-three). The People further alleged the offenses were committed while defendant was released on bail (§ 12022.1).

On July 14, 2014, the People filed a consolidated Information in Placer County Superior Court, case No. 62-120146 (case No. 46), charging defendant with torture, in violation of section 206, with an allegation of great bodily injury under section 12022.7 (count one), assault with force likely to cause great bodily injury, in violation of section 245, subdivision (a)(4) (counts two, four), felony false imprisonment, in violation of 236 (counts three, five, seven, nine, eleven, fourteen, sixteen, nineteen), corporal injury to a child, in violation of 273d, subdivision (a), (counts six, eight, ten, thirteen, fifteen,

---

[1] Further undesignated statutory references are to the Penal Code.

3

eighteen), annoying a child, in violation of 647.6, subdivision (a), a misdemeanor (counts twelve, seventeen, twenty), cruelty to a child, in violation of 273a, subdivision (b), a misdemeanor (counts twenty-one, twenty-two, twenty-three), and battery, in violation of section 242, a misdemeanor (count twenty-four).

Defendant subsequently entered into a negotiated plea agreement. In case No. 48, he entered a plea of no contest to obtaining services by false pretenses (count three), and identity theft (counts seven, nine, twelve, eighteen). In case No. 46, he entered a plea of no contest to assault (count two), corporal injury to a child (counts six, thirteen, eighteen), and annoying a child (count twenty). In exchange for defendant's plea, the People stipulated to a term of 10 years in state prison. The People also agreed they would move to dismiss the remaining charges with a *Harvey*[2] waiver, and the trial court agreed to dismiss the remaining charges at sentencing.

On December 17, 2014, pursuant to the negotiated plea agreement, the trial court sentenced defendant to an aggregate term of 10 years in state prison. In both cases, the court ordered defendant to pay $240 in restitution fines (§ 1202.4, subd. (b)), and $240 in suspended parole revocation restitution fines (§ 1202.45). The court also ordered defendant to pay a court operations assessment totaling $200 (§ 1465.8) and a criminal conviction assessment totaling $150 (Gov. Code, § 70373). The court also awarded defendant a total of 1,324 days of custody credit.

Defendant appeals; he obtained a certificate of probable cause.

DISCUSSION

Counsel has filed an opening brief setting forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

4

to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We note the abstract of judgment incorrectly reflects the amount of restitution fines and the suspended parole revocation restitution fines (§§ 1202.4, subd. (b), 1202.45) ordered in both cases as $200 rather than the $240 fines imposed. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize. [Citation.]" (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Appellate courts may order correction of abstracts of judgment that do not accurately reflect the sentencing court's oral pronouncement. (*People v. Mitchell, supra,* at p. 185.) Accordingly, we order the trial court to correct the abstract of judgment by increasing the restitution fines in both cases to $240.

In addition, the abstract of judgment states, incorrectly, that defendant was awarded a total of 1,342 days of custody credit. The correct amount is 1,324 days.

Our independent review of the record further reveals that the trial court, apparently inadvertently, failed to dismiss the balance of the pending charges in both cases, as contemplated in the negotiated plea agreement. We modify the judgment accordingly (§ 1260) in order to conform the judgment to the plea.

DISPOSITION

The judgment is modified to dismiss the balance of the charges pending in both cases. The judgment is affirmed as modified.

5

The trial court is directed to prepare an amended abstract of judgment as described in this opinion and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

      NICHOLSON      , Acting P. J.

We concur:

      MAURO      , J.

      MURRAY      , J.